IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRED WILSON | : | CIVIL ACTION |
| v. | : | |
| CYNTHIA DAUB, et al. | : | NO. 12-0471 |

MEMORANDUM

SCHILLER, J.                                    MARCH ⚶, 2012

    Fred Wilson, a federal prisoner, filed this pro se civil rights action pursuant to 42 U.S.C. § 1983, against Cynthia Daub, the secretary of the Pennsylvania Board of Probation and Parole ("Board"), and the Director of the Board, in their individual and official capacities. For the following reasons, the Court will grant Wilson leave to proceed in forma pauperis and dismiss his complaint pursuant to 28 U.S.C. § 1915(e)(2).

I. **FACTS**

    The complaint primarily asserts that the Board/defendants violated Wilson's constitutional rights by crediting certain time spent in state custody to his state sentence. Based on the complaint and supporting exhibits, it appears that Wilson was arrested in December 2005 and held in state custody as a parole violator. He was charged with federal crimes and ultimately convicted and sentenced by a federal court to 12 years of imprisonment.

    After he was convicted, Wilson received a parole revocation hearing. In a June 15, 2009 decision signed by Daub, the Board recomitted Wilson to serve 24 months on the parole violation once

1

he completed his federal sentence. It appears that state authorities then attempted to transfer Wilson so that he could begin serving his federal sentence, but the federal authorities would not take custody of him until he completed all of his state obligations. Accordingly, in November 2009, the Board issued a new decision signed by Daub requiring Wilson to serve his parole violator sentence before serving his federal sentence.

Wilson was released into federal custody on January 25, 2010, when his maximum term expired. Although Wilson had only been recommitted to serve two years on the parole violation, the Board credited the four years he spent in custody since his arrest to his state sentence. Wilson contends that the improper crediting adversely impacts his release date from federal prison by pushing it back two years. He asserts due process claims based on that improper crediting and based on Daub's issuance of the November 2009 decision without providing him notice or a hearing. He seeks a declaration that the Board/defendants violated his constitutional rights, an injunction ordering the Board/defendants to "undo their error of crediting 4 years on [the] parole violation and comply with [the] order of 24 months," and compensatory and punitive damages. (Compl. ¶ 11.)

II. **STANDARD OF REVIEW**

Wilson's motion to proceed in forma pauperis is granted because he has satisfied the requirements set forth in 28 U.S.C. § 1915. Accordingly, 28 U.S.C. § 1915(e)(2)(B) applies. That provision requires the Court to dismiss the complaint if it is

2

frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune.

## III. ANALYSIS

### A. Official Capacity Claims

As Wilson's claims against Daub and the Director of the Board in their official capacities are essentially claims against the Pennsylvania Board of Probation and Parole, those claims are barred by the doctrine of sovereign immunity. See Betts v. New Castle Youth Dev. Ctr., 621 F.3d 249, 254 (3d Cir. 2010) ("Individual state employees sued in their official capacity are . . . entitled to Eleventh Amendment immunity because official-capacity suits generally represent only another way of pleading an action against the state.") (quotations omitted); Harper v. Jeffries, 808 F.2d 281, 284 n.4 (3d Cir. 1986) ("[A]ny action by the appellant against the Parole Board is barred by the eleventh amendment."). Accordingly, the Court will dismiss Wilson's official capacity claims.

### B. Claim for Injunctive Relief

Wilson seeks an injunction requiring the defendants to retroactively shorten his state sentence, presumably so that some of the time he spent in state custody can be credited toward his federal sentence. Such a claim is not cognizable in a § 1983 action, and must be pursued via a petition for a writ of habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is

3

a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."); see also Wilkinson v. Dotson, 544 U.S. 74, 79 (2005) (no action under § 1983 when prisoner seeks "shortening of his term of confinement") (quotations omitted). Accordingly, the Court will dismiss Wilson's claim for injunctive relief.

### C. Claims for Damages and Declaratory Relief

Likewise, Wilson may not use § 1983 to pursue his claims for damages and declaratory relief that challenge the amount of time credited toward his state sentence. It is apparent from the complaint and attached exhibits that the Board's calculation of Wilson's sentence has not been reversed, declared invalid, or "called into question by a federal court's issuance of a writ of habeas corpus[.]" Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). As success on his claims for damages and declaratory relief would necessarily demonstrate the invalidity of that not-yet-invalidated sentence, his claims are not currently cognizable under § 1983. See id. at 487; see also Edwards v. Balisok, 520 U.S. 641, 646-48 (1997)(claim not cognizable under § 1983 when prisoner sought declaration that would have implied the invalidity of procedure used to deprive him of good time credits); Williams v. Consovoy, 453 F.3d 173, 177 (3d Cir. 2006) (Heck barred claim challenging constitutionality of parole revocation decision); Randell v. Johnson, 227 F.3d 300, 300-01 (5th Cir. 2000) (per curiam) (plaintiff's claim that he was not

4

given credit for time served and was therefore required to serve the time twice was barred by Heck). Those claims are barred even though habeas relief may no longer be available to Wilson.[1] Williams, 453 F.3d at 179.

Although Heck may not bar Wilson's due process claims for damages and declaratory relief based on Daub's failure to provide him notice or a hearing before issuing the November 2009 decision, see Benchoff v. Colleran, 404 F.3d 812, 815 n.4 (3d Cir. 2005) (claim likely cognizable under § 1983 if plaintiff is not "challenging the fact of confinement or . . . seeking speedier release, but rather, . . . [is] challenging only the procedure used to communicate the Parole Board's decision denying him parole"), those claims are barred by the doctrine of quasi-judicial immunity. "Pennsylvania Parole Board members are entitled to quasi-judicial immunity when engaged in adjudicatory duties." Thompson v. Burke, 556 F.2d 231, 236 (3d Cir. 1977) (footnote omitted); see also Harper, 808 F.2d at 284. As Wilson's claims against Daub are based on her issuance of a decision concerning his sentence – an adjudicatory duty – Daub is

---

[1] Although Wilson has finished serving his state sentence, it is possible that he could make an argument that would allow him to challenge the crediting of extra time toward that sentence via a writ of habeas corpus pursuant to 28 U.S.C. § 2241, because it adversely impacts his federal sentence. Cf. Lackawanna Cnty. Dist. Att'y v. Coss, 532 U.S. 394, 405-06 (2001) (indicating that a habeas petitioner might be able to attack a conviction for which he has already served his sentence if that conviction was used to enhance a subsequent sentence and the petitioner cannot be faulted for failing to obtain timely review of his claim). The Court expresses no opinion on whether any such proceeding would be likely to succeed.

5

entitled to quasi-judicial immunity.[2]

## III. CONCLUSION

For the foregoing reasons, the Court will dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) without prejudice to Wilson reasserting the claims for damages and declaratory relief that are barred by Heck in the event the Board's calculation of his sentence is invalidated or called into question by a habeas proceeding. See Fottler v. United States, 73 F.3d 1064, 1065-66 (10th Cir. 1996). The Court will not grant Wilson leave to amend because amendment would be futile.[3] See Grayson v. Mayview State Hosp., 293 F.3d 103, 113-14 (3d Cir. 2002). An appropriate order follows.

---

[2]Wilson named the Director of the Board as a defendant because he is "legally responsible for the overall operation of the Pennsylvania Board of Probation and Parole." (Compl. ¶ 3.) That is an insufficient basis for liability under § 1983. To the contrary, a defendant is not subject to liability under § 1983 unless he participated in or approved of the alleged violation of the plaintiff's constitutional rights. See Baraka v. McGreevey, 481 F.3d 187, 210 (3d Cir. 2007).

[3]Wilson also filed a motion for appointment of counsel. As the Court has concluded that there is no merit to his claims, he is not entitled to counsel, and his motion is denied. See Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993).